UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21839-CIV-UNGARO

HUMBERTO ARIEL CERVANTES-SOSA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

<u>ORDER OF DISMISSAL</u>

THIS CAUSE is before the Court on Movant's *pro se* Motion to Dismiss and Vacate Case, construed as a motion to set aside, correct, or vacate sentence pursuant to 28 U.S.C. § 2255. (D.E. 1.)

THE COURT has considered the motion and the pertinent portions of the record and is otherwise fully advised of the premises.

Movant Cervantes-Sosa is a federal prisoner challenging his conviction and sentence, entered in Criminal Case No. 02-20534-CR-UNGARO. Although he has not labeled his motion as a § 2255 motion, Movant seeks to collaterally attack the legality of his federal sentence, which must be done pursuant to 28 U.S.C. § 2255. The Court therefore construes the motion as a § 2255 motion to set aside, vacate, or correct sentence. *See Hardy v. United States*, 443 F. App'x 489, 491 (11th Cir. 2011) ("Courts must look past the label of a motion in order to determine its actual legal effect and must treat the motion according to its legal effect, rather than its formal

name.") (unpublished) (citing *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990)).

So construed, the motion is a successive § 2255 motion. On September 26, 2006, Cervantes-Sosa filed his first § 2255 motion. (Cr. D.E. 194.) That motion was denied on June 30, 2009. (Cr. D.E. 200.) On September 24, 2010, Cervantes-Sosa filed a second § 2255 motion (Cr. D.E. 201), which was dismissed as successive (Cr. D.E. 202).

Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty, or (2) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). If Movant intends to pursue this case, he should apply to the United States Court of Appeals for the Eleventh Circuit for authorization, as required by 28 U.S.C. § 2255(h). Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion to vacate sentence (D.E. 1) is DISMISSED. It is further

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED and all pending motions, including the motion for leave to file additional pages (D.E. 5), are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 3d day of June,

2013.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Humberto Ariel Cervantes-Sosa, *pro se*